FILED

2008 Feb-26  PM 05:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **BRAD SHAW,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION NO.:** |
| | ) **2:06-CV-1867-VEH** |
| **SOUTHEAST WAFFLES, LLC,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |
| | ) |

## MEMORANDUM OPINION

Before the court is the Defendant, Southeast Waffles, LLC's (hereinafter "Southeast Waffles"), motion for summary judgment, filed on December 5, 2007. (Doc. 18.)  This motion was not opposed with any evidence nor briefed by Plaintiff, Brad Shaw ("Mr. Shaw").  Upon consideration of the record and the relevant law, the court concludes that Southeast Waffles's motion for summary judgment is due to be granted, and that Mr. Shaw's Complaint is due to be dismissed with prejudice.

## I. PROCEDURAL HISTORY

Mr. Shaw initiated this lawsuit by filing a complaint asserting claims for violations of the Fair Labors Standards Act ("FLSA"), 29 U.S.C. § 216(b).  The infractions advanced are that Southeast Waffles failed to pay overtime as required by

the FLSA and that Southeast Waffles improperly deducted wages.  Also, Mr. Shaw

alleges that Southeast Waffles engages in a pattern of widespread practice in regularly

misrepresenting the FLSA obligations to its employees.[1]

Southeast Waffles's motion for summary judgment asserts that no genuine

issue of material fact exists and that Southeast Waffles is entitled to judgment as a

matter of law as to all claims. (Doc. 18.)  Southeast Waffles submitted evidence[2]

(Doc. 18 attach. 2-11) in support of its motion and also filed a supporting brief. (Doc.

18 attach. 1.)

## II. UNDISPUTED FACTS[3]

Southeast Waffles is a limited liability company doing business in Alabama.

(Answer ¶ 1.)  Mr. Shaw has been employed by Southeast Waffles as a manager from

---

[1]While the complaint is specifically entitled "Collective Action Complaint," Mr. Shaw never requested that the court certify the action as a collective action, and the court never entered a certification order.  Therefore, the analysis contained herein, and the scope of the court's resulting Order, are expressly limited to Mr. Shaw's individual claims.

[2]Specifically, Southeast Waffles submitted: the declaration of Gene Ingram, the defendant's request for admissions to plaintiff, the defendant's first request for production of documents to plaintiff, letters from defendant's attorneys to plaintiff, the declaration of Kerri Gildow, and the payroll summary of the plaintiff.

[3]According to this court's Uniform Initial Order, these facts are deemed admitted due to Mr. Shaw's failure to oppose the facts submitted by Southeast Waffles. (Doc. 7 app. II at 16.) ("All material facts set forth in the statement required of the moving party will be deemed admitted for summary judgment purposes unless controverted by the response of the party opposing summary judgment.") *See also*, Fed. R. Civ. P. 56(e).  Also, Southeast Waffles's requests for admissions are admitted due to Mr. Shaw's failure to respond.  Fed. R. Civ. P. Rule 36(a)(3) ("A matter is admitted unless" there is a written answer or objection within 30 days.).

1999 to the present. (Complaint ¶ 3; Def's Req. for Admission at No. 1.)

During his employment with Southeast Waffles, Mr. Shaw has been paid a predetermined base salary each week equal to, or more than, $455.00. (Decl. Gene Ingram ¶ 4; Def.'s Req. for Admission at No. 2.)  This base salary is not subject to being reduced because of variations in the quality and quantity of his performance. (Ingram Dec. ¶ 4; Def.'s Req. for Admission at No. 3.)  Rather, Mr. Shaw receives discretionary bonuses and only the bonus amount varies from pay period to pay period. (Ingram Decl.  ¶ 5; Def.'s Req. for Admission at No. 4.)

While Mr. Shaw contends that he and other managers are not exempt from the FLSA, Southeast Waffles alleges that they are exempt from the overtime compensation provisions pursuant to 28 U.S.C. § 213(a)(1). (Complaint ¶ 5; Answer ¶ 5.)  Southeast Waffles offers undisputed evidence that Mr. Shaw is responsible for overseeing and directing the work of two or more full-time employees. (Ingram Decl. ¶ 6; Def.'s Req. for Admission at Nos. 5 & 6.)  As manager, Mr. Shaw makes recommendations which affect the job status of the employees that he supervises. (Ingram Decl.  ¶ 7; Def.'s Req. for Admission at No. 7.)  Specifically, Mr. Shaw makes recommendations regarding hiring, firing, and employee discipline. (Ingram Decl. ¶ 7.)  Mr. Shaw's primary duty is management, and as such he is an executive employee. (Doc. 18 at 6.)

3

### III. STANDARD ON SUMMARY JUDGMENT

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving party cannot present evidence in support of some element of his case on which he bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23; *see* Fed. R. Civ. P. 56(a)-(b). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Powell v. Carey Intern, Inc.* 514 F. Supp. 2d 1302, 1310 (S.D. Fla. 2007) (citing *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247-48 (1986)).

Rule 56(e) of the Federal Rules of Civil Procedure provides in part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Thus, although a court may not a grant a motion for summary

4

judgment simply because the motion goes unopposed, it may do so if the moving party has shown that there are no disputed issues of material fact and that he is entitled to judgment as a matter of law.

## IV. ANALYSIS

### A.   Mr. Shaw has procedurally failed to respond to Southeast Waffles' motion for summary judgment.

Applying the summary judgment standard to this case, this court concludes that Southeast Waffles has demonstrated that there is no genuine issue as to any material fact and that it is entitled to judgment as a  matter of law.  Mr. Shaw has not come forward with <u>any</u> evidence in response to Southeast Waffles's initial showing on summary judgment, and any response submitted at this point would be untimely. Pursuant to the court's order (Doc. 19) entered on December 5, 2007, the deadline for Mr. Shaw to file his written opposition to summary judgment was December 26, 2007.[4] (*Id.* at 2.)  Mr. Shaw was first made aware of the court's requirements on summary judgement through the Uniform Initial Order entered on January 3, 2007, and reminded again on May 10, 2007, by the scheduling order.[5] (Doc. 7 at Appendix II at 1; Doc. 15 at 4.)  Additionally, Mr. Shaw failed to comply with this court's

---

[4]The court sent this order out specially, given Mr. Shaw's status as a *pro se* party.

[5]Mr. Shaw's signature on Southeast Waffles's Certified Mail return receipt shows that Mr. Shaw receives mail at the address given to the court. (Doc. 18 attach. 7 at 3.)

November 30, 2007, Order for a status report.[6] (Doc. 20 at 1.)  This court's Order to file any opposition to defendant's motion specified that "[i]f the party opposing the motion does not comply with Rule 56, the court may declare that the facts in the affidavits and/or documents supporting the motion are established as true and there is no genuine issue of material fact in dispute." (Doc. 19 at 2.) Also, the court notified Mr. Shaw that "[f]ailure to respond timely to a motion for summary judgment may be taken as agreement that the facts asserted by the movant are true." (Doc. 19 at 4.)

As Southeast Waffles has properly supported its motion for summary judgment and carried its initial burden, Mr. Shaw may not merely rest upon the allegations listed in his complaint.  However, as indicated above, he has not presented the court with any evidence in support of specific facts in opposition to summary judgment. As such, from a procedural standpoint, Mr. Shaw has failed to meet his burden of showing to this court that there is a genuine triable issue as to any material fact regarding his FLSA claims.

**B.   Substantively, Southeast Waffles's motion for summary judgment is well-founded and due to be granted.**

The evidentiary record demonstrates that summary judgment in favor of Southeast Waffles is appropriate.  No material issues of fact exist which would

---

[6]The status report from Southeast Waffles states that it contacted Mr. Shaw, but Mr. Shaw failed to return its call to discuss the present case. (Doc. 20 at 1.)

6

suggest that Mr. Shaw would be entitled to overtime compensation by Southeast Waffles under the FLSA. More specifically, Southeast Waffles has established the application of an FLSA overtime exemption as a matter of law.

The FLSA "was designed to 'aid the unprotected, unorganized, and lowest paid of the nation's working population.'" *Hogan v. Allstate Ins. Co.*, 361 F.3d 621, 625 (11th Cir. 2004) (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 n.18 (1945)). The statute "establishes minimum labor standards to eliminate 'labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Hogan*, 361 F.3d at 625 (11th Cir. 2004) (quoting 29 U.S.C. § 202(a)). "One of the standards is to pay employee's . . . overtime when an employee works more than forty hours in a week." *Hogan*, 361 F.3d at 625; 29 U.S.C. § 207(a)(1) (2000).

However, exemptions from the overtime pay requirement exist for employees who work in a "bona fide executive, administrative, or professional capacity." *Hogan*, 361 F.3d at 625; 29 U.S.C. § 213(a)(1). Employers bear the burden of establishing that an employee is covered by an exemption to the FLSA, and exemptions are interpreted narrowly. *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960) (The conditions "are explicit prerequisites to exemption, not merely suggestive guidelines for judicial determination of the employer's status."); *Avery v. City of Talladega, Ala.*,

7

24 F.3d 1337, 1340 (11th Cir. 1994).

Here, Southeast Waffles responds to Mr. Shaw's claims with the affirmative defense that Mr. Shaw is an executive employee, and is therefore exempt from the FLSA standards.  Southeast Waffles, as employer and movant, must affirmatively establish that all of the requirements for meeting the FLSA exemption are met.

According to the Department of Labor ("DOL"), an executive exemption may be satisfied if (1) the employee is "compensated on a salary basis" of at least $455 per week;[7] (2) the employee's "primary duty is management;" (3) the employee "customarily and regularly directs the work of two or more other employees;" and (4) the employee's "suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight." 29 C.F.R. § 541.100(a) (2004).[8]  "[J]ob title alone is insufficient to establish the exempt status of an employee . . . [rather, it is] determined on the basis of . . . the employee's salary and duties." 29 C.F.R. § 521.2.

_____

[7] The DOL salary requirements were changed in 2004; the prior requirements for weekly salary were at least $250 per week.  69 F.R. 22122-01, 22126, 22131 (2004).

[8] "The FLSA expressly authorized and gave broad authority to the Secretary of Labor to define the scope of the executive, administrative, and professional employee exemptions." *Auer v. Robbins*, 519 U.S. 452, 456 (1997); *Avery*, 24 F.3d at 1340; *see* 29 U.S.C. § 2139(a)(1).  Therefore, these DOL regulations are given controlling weight and judicial deference unless they are arbitrary, capricious, or contrary to the statute. *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 844 (1984); *Auer*, 519 U.S. at 461; *Falken v. Glynn Co., Ga.*, 197 F.3d 1341, 1350 (11th Cir. 1999).

"[T]he employee [must] regularly receive . . . each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.602(a).  Compensation may fluctuate due to commission or bonuses, but the predetermined amount cannot be subject to reduction.[9] 29 C.F.R. § 541.602; *see Hogan,* 361 F.3d at 625-26.  An employer's practice of making improper deductions will jeopardize the exemption. 29 C.F.R. § 541.603(b).

Southeast Waffles has presented uncontroverted evidence that Mr. Shaw was paid a predetermined base salary each week equal to, or more than, $455.00.[10] (Ingram Decl. ¶ 4.)  Although Mr. Shaw's complaint asserts that Southeast Waffles improperly deducted wages from its employees' paychecks, Southeast Waffles has

---

[9]Deductions are allowed only in seven limited circumstances, such as the employee being absent from work for one or more full days or being suspended for a disciplinary infraction. 29 C.F.R. § 541.602(b)(1)-(7).

[10] This court notes that the submitted payroll summary of Mr. Shaw is not self-explanatory. (Doc. 18 attach. 11.)  There are a number of pay periods in 2006 where the base pay is lower than $455 per week, and there is no notation explaining that the pay was lower due to a permitted deductions, such as for certain absences or disciplinary violations.  *See* fn 8, *supra*, regarding when deductions from base pay are permitted. However, the lack of such an explanation does not create a genuine issue of material fact in light of Mr. Ingram's unrefuted declaration that "[d]uring his employment with Southeast Waffles, Brad Shaw has been paid a predetermined base salary each week equal to, or more than, $455.00. This base salary amount is not subject to being reduced based on the quality or quantity of the work performed by the manager."  (Ingram Decl. ¶ 4.)

9

presented uncontroverted evidence that Mr. Shaw's paycheck amount varied because he was eligible and received discretionary bonuses. (Ingram Decl. ¶ 5; Def.'s Req. For Admission at No. 4.)  The amount of the bonus varies from pay period to pay period. *Id.*  Any reduction in the amount of his bonus, as opposed to his salary, does not change Mr. Shaw's status as an exempt employee. *See Hogan*, 361 F.3d at 625-26.

Mr. Shaw alleges that Southeast Waffles failed to pay him overtime as required by the FLSA. (Doc. 1 at 2.)  He argues in his complaint that none of the elements relating to the executive exemption are satisfied. *Id.*  However, he has failed to produce any evidence to substantiate his allegations.

Instead, the undisputed evidence demonstrates that Mr. Shaw was indeed acting in an executive capacity.  The determination of Mr. Shaw's exempt or non-exempt status is not based merely upon his job as manager.  Rather, evidence has been submitted which shows that Mr. Shaw (1) made a predetermined amount of more than $455 per week, (2) his primary job duty was managing, (3) he regularly directed the work of two or more employees, and (4) his recommendations affected the job status of other employees. (Doc. 18 attach. 1 at 6.)  As such, the salary level, salary basis, and duties elements are all undisputedly satisfied, and Mr. Shaw is employed with Southeast Waffles in an executive capacity as a matter of law.  Mr. Shaw is therefore

10

exempt from the overtime provisions of the FLSA.

Mr. Shaw further maintains that Southeast Waffles engages in a widespread practice of violating the FLSA and misrepresents this fact to its employees. (Doc. 1 at 2,7.)   These claims are derivative of and dependent upon the validity of the previously discussed claims.  As Southeast Waffles has provided evidence that it was not required to pay overtime and did not improperly deduct Mr. Shaw's wages, Southeast Waffles did not misrepresent the legality of this practice to its employees. Because Mr. Shaw has not established a material factual issue as to Southeast Waffles's alleged FLSA violations, this widespread practice claim necessarily also fails.  Therefore, Southeast Waffles's motion for summary judgment as it relates to all of Mr. Shaw's claims is due to be granted.

### C.    Mr. Shaw has failed to prosecute his claims against Southeast Waffles.

The Federal Rules of Civil Procedure authorize this court to dismiss an action currently pending for "fail[ure] to prosecute or to comply with [the Federal] Rules [of Civil Procedure] or a court order." Fed. R. Civ. P. Rule 41(b).[11]  As there is inherent power or authority for a court to dismiss an action for failure to prosecute or want of

---

[11]Pursuant to Rule 41(b), this dismissal constitutes an adjudication upon the merits. Fed. R. Civ. P. Rule 41(b) ("Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication on the merits.").

diligence, this court has authority to raise this issue *sua sponte*. *Link v. Wabash*, 370

U.S. 626, 630 (1962).  Dismissal is entirely within the discretion of the court. *Martin-*

*Trigona v. Morris,* 627 F.2d 680, 682 (5th Cir. 1980).[12]

The purpose of 41(b) is to allow for the orderly and expeditious disposition of

cases where it is obvious that a plaintiff has made no substantive effort to comply

with any order of the court or prepare the case for trial. *Wabash*, 370 U.S. at 630-31;

*Agronofsky v. Penn. Greyhound Lines*, 248 F.2d 829, 830 (3d Cir. 1957).   In fact, a

lack of intent to prosecute a case can be inferred from a pattern of failure to make

court imposed deadlines. *Jones v. Graham*, 709 F.2d 1457, 1462 (11th Cir. 1983).

Also, the United States Supreme Court has confirmed that an involuntary dismissal

is an appropriate sanction for a plaintiff's flagrant failure to comply with discovery

deadlines. *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S.

639, 642 (1976).

As noted above, Mr. Shaw has failed to comply with this court's Order for a

status report and has not responded to or participated in any part of the discovery

process, which are failures to comply with the Federal Rules of Civil Procedure.  Mr.

Shaw is proceeding *pro se* and has personal responsibility for not complying with

---

[12]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

these procedures.  Mr. Shaw has delayed any substantive progress with the litigation.

Accordingly, this case is alternatively due to be dismissed with prejudice based upon

Mr. Shaw's overall failure to prosecute.

## V. CONCLUSION

Accordingly, Southeast Waffles's motion for summary judgment is due to be

granted, and Mr. Shaw's complaint is due to be dismissed with prejudice.  In the

alternative, Mr. Shaw's complaint is due to be dismissed for failure to prosecute.  The

court will enter an order consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this the 26th day of February, 2008.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

13